By the Court.
The grounds upon which the relators in these cases base their right to a writ of prohibition are identical. On the 25th day of August, 1913, The Unit Coil Company commenced an action in the court of common pleas of Cuyahoga county against the relator, The K-W Ignition Company, in which it set forth that on the 20th day of February, 1912, it entered into a written contract with The K-W Ignition Company by which it had granted to The K-W Ignition Company a licensé to manufacture and sell certain machines claimed to be covered by letters patent owned by it, The Unit Coil Company, and that by the terms of said contract The K-W Ignition Company was to pay for the privilege of manufacturing under said license a royalty of fifty cents for each machine so man *392 ufactured. It was claimed in said action that The K-W Ignition Company had manufactured a large number of machines, which were known as Master Vibrators, and had not paid the royalty due and payable under said contract. The Unit Coil Company prayed for an accounting of the machines so manufactured, a finding and judgment for the amount due under said contract, and for an injunction to restrain The K-W Ignition Company from manufacturing said machines unless said royalties were paid. Upon the hearing of the cause in the court of common pleas the court made and entered the following order:
“Sept. 18, 1913. To Court: This cause came on to be heard on the 15th day of September, A. D. 1913, upon the pleadings and the evidence; in consideration whereof the court finds that the allegations of the petition are true and that the plaintiff is entitled to the relief prayed for. Wherefore defendant is enjoined from the manufacture, use and sale of all apparatus, and especially Master Vibrators, covered by Letters Patent to Willard E. Dow No. 752,384, dated February 16, 1904, for electrical igniter for explosive engines and Letters Patent to Reuben Miller, Jr., No. 754,666, dated March 15, 1904, for induction coils, and from the use of the words 'Patented February 16, 1904, and March 15, 1905, ’ until defendant has paid plaintiff at the rate of fifty cents each for all vibrators manufactured by defendant since March 1st, 1912. An accounting is hereby granted plaintiff, and Clinton DeWitt is appointed referee and directed to take the testimony of witnesses in writing, to determine how *393 many Master Vibrators defendant has manufacured since March 1st, 1912, and to report such testimony, with the amount found due plaintiff from defendant upon the number of Master Vibrators manufactured since March 1st, 1912, at fifty cents each, to the court, without unnecessary delay. Defendant’s appeal bond' is fixed at $10,000.00. Judgment for costs is rendered against defendant. Defendant gives notice of appeal. Journal 193, page 140.”
After this order was made the defendant in said cause, The K-W Ignition Company, filed an appeal bond in accordance with the order of the court of common pleas and the cause was docketed in the court of appeals of Cuyahoga county. In that court the cause was heard upon the pleadings and the evidence and it was ordered that the plaintiff in said cause, The Unit Coil Company, recover from The K-W Ignition Company the sum of $53,030.12, with interest from the 10th day of August, 1914, and that The K-W Ignition Company be enjoined from manufacturing, using and selling said Master Vibrators until said judgment shall be paid. Error was prosecuted to this court by The K-W Ignition Company and the judgment of the court of appeals was affirmed (ante, page 128), and a mandate was sent to the court of appeals to carry the said judgment into execution.
After this mandate was filed in the court of appeals the relators herein filed their applications respectively in the court of appeals to have the judgment theretofore entered by said court set aside and vacated, alleging that the same was entered *394 without the court of appeals having acquired jurisdiction over the subject-matter by reason of the fact that there had been no final order or judgment in the court of common pleas from which an appeal could be taken, and because said cause had never been fully tried and determined in the court of common pleas. The court of appeals denied these applications and refused to grant any relief thereunder.
It is alleged in the petitions filed herein for a writ of prohibition that the respondents made and entered an order requiring the relators, The K-W Ignition Company and A. F. Williams and Conrad Albracht, who are officers, directors and stockholders of The K-W Ignition Company, to appear and show cause why they should not be punished for failure to comply with the judgment and decree of the court of appeals, that a writ of execution has been issued and placed in the hands of the sheriff commanding him to levy upon the goods, chattels and property of The K-W Ignition Company to satisfy said judgment, and that said company has a large amount of property, used in its business, which is subject to seizure upon said writ. It further appears that the relators, A. F. Williams and Conrad Albracht, filed their application to set aside and vacate said order requiring them to show cause why they should not be punished for failing and refusing as officers and directors of said company to comply with the judgment and decree of the court of appeals, for the alleged reason that said judgment of the court of appeals was void and of no effect, which motion was overruled .by said court. The relators are asking *395 this court for an order directed to the respondents requiring them to show cause why a writ of prohibition should not be awarded against them, that on the final hearing a writ of prohibition be awarded prohibiting the respondents from proceeding further with the enforcement of the execution of said judgment and decree, and that all orders, decrees and the judgment of said court of appeals in said cause be vacated and held for naught.
The only question for determination is whether the order of the court of common pleas of the date September 18, 1913, was one from which an appeal could be taken to the court of appeals. If it was not, the court of appeals had no jurisdiction of the subject-matter and its judgment was a nullity. It is to be observed that in the order of the court of common pleas the allegations of the petition are found to be true and that plaintiff is entitled to the relief prayed for; an injunction is granted, an accounting is ordered and a referee appointed to determine the amount due. The general equities of the case were found in favor of the plaintiff, and while the further order of the court was necessary to carry into effect the right settled by the order, it was merely auxiliary to or in execution of the order of the court made on the merits of the case, and we are of the opinion that the court of appeals had jurisdiction of the subject-matter on appeal.

Writs denied.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.